UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMBER T. HEAVILAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-26-CV-1092-OLG (HJB) |
| | § | |
| DEPARTMENT OF FAMILY AND | § | |
| PROTECTIVE SERVICES, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

Before the Court is the status of the above case, which was automatically referred to the undersigned for disposition of Plaintiff's motion to proceed *in forma pauperis* ("IFP") and for initial screening under 28 U.S.C. § 1915(e)(2), pursuant to this Division's June 30, 2025, Standing Order.[1]  (*See* Text Entry dated February 20, 2026.)   For the reasons set out below, I recommend that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and that Plaintiff's motion to proceed IFP (Docket Entry 1) be **DISMISSED AS MOOT**.

**I.      Applicable Legal Standards.**

In IFP cases like this one, 28 U.S.C. § 1915(e)(2)(B) requires that the Court "dismiss the case at any time" if it determines that the complaint "is frivolous or malicious," or that it "fails to state a claim on which relief may be granted."   The Court is "vested with especially broad discretion" in making this determination.   *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.

---

[1] The division-wide standing order is available on the Western District of Texas website and via the following permanent link: https://perma.cc/8ASX-URDC.

1986); *see Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("The Court's power of dismissal in IFP cases . . . is broader than in other civil cases under the Federal Rules of Civil Procedure.").

"A complaint is frivolous if it lacks an arguable basis in law or fact." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* "A claim is also legally frivolous when the court lacks subject matter jurisdiction over it." *Mendives v. Bexar Cnty.*, No. 5:21-CV-356-JKP-RBF, 2021 WL 4708079, at *3 (W.D. Tex. June 23, 2021) (citing *Bibbs v. Harris*, 578 F. App'x 448, 449 (5th Cir. 2014)), *report and recommendation adopted sub nom. Mendives on behalf of R.C.M. v. Bexar Cnty.*, No. SA-21-CV-356-JKP, 2021 WL 4705175 (W.D. Tex. Oct. 8, 2021).

## II.   Discussion.

In the proposed complaint attached to her motion to proceed IFP, Plaintiff does not present *any* legal claims upon which relief may be granted. In fact, she affirmatively disavows any intention to do so, explaining that she solely wishes to collaterally attack and enjoin a state-court custody decision:

> I am not here today to file a lawsuit or complaint[;] I am seeking my 3 year old daughter be taken out of the danger she has been placed under by the 225th District Court of Bexar County Texas.

(Docket Entry 1-1, at 2.) The collateral attack Plaintiff wishes to present is barred by two well-settled legal doctrines: the *Rooker-Feldman*[2] doctrine and the domestic relations exception. Accordingly, Plaintiff's case should be dismissed under 28 U.S.C. § 1915(e)(2)(B). And because her claims are legally unavailable, Plaintiff need not be given the opportunity to amend her

---

[2] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482, (1983) ("[A] United States District Court has no authority to review final judgments of a state court."); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original.")

complaint.

**Rooker-Feldman.** "Absent specific law otherwise providing, [the *Rooker-Feldman*] doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). After all, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Id.*

"Federal courts have consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to . . . child custody." *Bertling v. Westrup*, No. SA:18-CA-563-XR-HJB, 2018 WL 6381001, at *3 (W.D. Tex. Aug. 13, 2018), *report and recommendation adopted*, No. SA-18-CV-563-XR, 2018 WL 5016127 (W.D. Tex. Oct. 16, 2018). Indeed, "[t]he federalism interests underlying the *Rooker-Feldman* doctrine particularly apply to domestic issues like child custody." *Marshall v. Abbott*, No. 4:21-CV-384-SDJ-CAN, 2022 WL 660799, at *7 (E.D. Tex. Feb. 9, 2022), *report and recommendation adopted*, No. 4:21-CV-384, 2022 WL 659158 (E.D. Tex. Mar. 4, 2022). Because Plaintiff asserts no claims against Defendants and instead only "seek[s] the review or rejection of the state court's custody order," *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 F. App'x 426, 429 (5th Cir. 2014), this case is barred by the *Rooker-Feldman* doctrine.

**The Domestic Relations Exception**. Even if *Rooker-Feldman* were inapplicable—*i.e.*, if this custody dispute were originally brought before the Court, rather than on de facto appeal from state court—the case would still be subject to dismissal, as it "has been long established that federal courts do not have jurisdiction to decide domestic relation disputes." *Evans v. Williamson Cnty. Gov't, Tex.*, No. A-15-CV-436-SS, 2015 WL 4621449, at *5 (W.D. Tex. May 28, 2015) (citing *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890)), *report and recommendation adopted*, No. A-15-CA-436-SS, 2015 WL 4624708 (W.D. Tex. July 31, 2015). Pursuant to this "domestic relations

3

exception, . . . . federal courts refuse to hear . . . child custody actions." *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990). Accordingly, the domestic relations exception would bar this case even if *Rooker-Feldman* did not.

Based on the foregoing, I recommend that this case be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Bibbs*, 578 F. App'x at 449 (affirming dismissal of claims barred by *Rooker/Feldman* and domestic relations exception as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)); *Whitinger v. UTMB (Univ. of Tex. Med. Branch)*, No. SA-25-CV-498-XR (HJB), 2025 WL 2412169, at *4 (W.D. Tex. July 9, 2025) (recommending dismissal of claims barred by *Rooker/Feldman* as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)), *report and recommendation adopted*, No. SA-25-CV-498-XR, 2025 WL 2060791 (W.D. Tex. July 23, 2025); *Long v. Long*, No. 5:21-CV-479-FB-RBF, 2021 WL 11670796, at *3 (W.D. Tex. Aug. 3, 2021) (recommending dismissal of claims barred by *Rooker/Feldman* and domestic relations exception as frivolous under 28 U.S.C. § 1915(e)(2)(B)(1)), *report and recommendation adopted*, No. SA-21-CA-479-FB, 2021 WL 11670793 (W.D. Tex. Aug. 26, 2021).

***Whether to Permit Plaintiff to Amend.*** "Ordinarily, the Court affords *pro se* litigants an opportunity to amend and state a claim." *Benefield v. Tyler Police Dep't*, No. 6:25-CV-14-JCB, 2025 WL 1272809, at *2 (E.D. Tex. Jan. 16, 2025), *report and recommendation adopted*, No. 6:25-CV-14, 2025 WL 1270079 (E.D. Tex. May 1, 2025). However, "opportunity to amend is unnecessary" when a Plaintiff's complaint turns on "an indisputably meritless legal theory." *Id.* (citing *Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994)). As the Fifth Circuit has explained, when a plaintiff's "claims clearly had no arguable basis in law," it "thereby negat[es] the possibility of rectification by amendment." *Dilworth v. West*, 20 F.3d 465, 1994 WL 121685, at *2 (5th Cir. 1994). Here, because Plaintiff's case is indisputably beyond the Court's jurisdiction, it is legally frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i); accordingly, the case may be

4

dismissed without giving Plaintiff an opportunity to amend her complaint.

## III.    Conclusion and Recommendation.

For the foregoing reasons, I recommend that Plaintiff's case be **DISMISSED AS FRIVOLOUS** pursuant to § 1915(e)(2)(B)(i), and that Plaintiff's IFP motion (Docket Entry 1) be **DISMISSED AS MOOT**.[3]

## IV.    Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.   Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  **Absent leave of the Court, objections are limited to 20 pages, including attachments.**   An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered."   *Williams*

---

[3] The undersigned notes that Plaintiff has filed separate motions for a temporary restraining order and a preliminary injunction, both of which consist of a prayer for relief unaccompanied by any explanation of why she is entitled to such relief. (*See* Docket Entries 2 and 3.) Given that Plaintiff cannot receive the requested preliminary relief without first clearly establishing, *inter alia*, "a substantial likelihood of success on the merits" of a cognizable legal claim, *Greer's Ranch Cafe v. Guzman*, 540 F. Supp. 3d 638, 644 (N.D. Tex. 2021), she has failed to demonstrate her entitlement to preliminary relief in this case. In any event, because Plaintiff's case should be dismissed under § 1915(e)(2)(B)(i), Plaintiff's motions for preliminary injunctive relief may be denied as moot.

*v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on February 26, 2026.

_____
Henry J. Bemporad
United States Magistrate Judge